UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARREL MINNICK, | ) |
| Plaintiff, | ) Case No. C04-1749-RSM-JPD |
| v. | ) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) REPORT AND RECOMMENDATION |
| Defendant. | ) |

Plaintiff Darrel Minnick proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (the "Commissioner"). The Commissioner denied Plaintiff's application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") after a hearing before an Administrative Law Judge ("ALJ"). The parties are in agreement that this matter should be remanded. The plaintiff urges that the case be remanded with directions to award benefits. The Commissioner contends that the case should be remanded for further proceedings. For the reasons set forth below, the Court recommends that the Commissioner's decision be reversed and that plaintiff be awarded benefits.

REPORT AND RECOMMENDATION
PAGE -1

## I. FACTS AND PROCEDURAL HISTORY

On July 2, 2001, plaintiff applied for SSI and DIB benefits. AR 124. Plaintiff alleged he was unable to work beginning March 28, 2000, due to back and knee pain, difficulty bending at the waist and severe hepatitis C related fatigue. AR 135. Plaintiff's applications were denied initially and upon reconsideration. AR 84-89, 433-38.

Plaintiff appeared with counsel at a hearing before an ALJ on February 18, 2003. AR 13, 27. At step five of the sequential evaluation process, the ALJ found plaintiff not disabled and denied his application for benefits. AR 21. Specifically, the ALJ found plaintiff incapable of performing past relevant work but determined that he had the capacity to perform light work and that such jobs were present in the economy. AR 20-22. Plaintiff appealed the decision, but the Appeals Council denied the request. AR 444. The ALJ's decision therefore became the Commissioner's final decision.

Plaintiff timely filed an action in this Court to review the Commissioner's final decision. Dkt. No. 3

## II. JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## III. STANDARD OF REVIEW

The Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *See* 42 U.S.C. §§ 405(g), and 1383(c)(3); *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). Substantial evidence is defined as more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala*, 53

F.3d 1035, 1039 (9th Cir. 1995). Where the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## IV.  EVALUATING DISABILITY

The claimant bears the burden of proving that he is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months[.]" 42 U.S.C. § 423 (d)(1)(A). A claimant is disabled only if his impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. *See* 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *See also Tacket v. Apfel*, 180 F. 3d 1094, 1098 (9th Cir. 1999).

The Social Security regulations set out a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must establish that he or she is not engaging in any substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant establishes that they have not engaged in any substantial gainful activity, the Commissioner proceeds to step two. At step two, the claimant must establish that he or she has one or more medically severe impairments or combination of impairments that limit their physical or mental ability to do basic work activities. If the claimant does not have such impairments, he or she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant who meets one of the listings for the required

REPORT AND RECOMMENDATION
PAGE -3

twelve month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether the claimant can still perform that work. *Id.* If the claimant is not able to perform his or her past relevant work, the burden shifts to the Commissioner at step five to show that the claimant can perform some other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Tackett*, 180 F.3d at 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DISCUSSION

The parties agree that the final decision should be reversed and the case remanded. The sole issue is whether the case should be remanded for an award of benefits or for further proceedings.

The Court has discretion to remand for further proceedings or to award benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may order a remand for further administrative proceedings if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Conversely, the Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

The Court should credit evidence that was erroneously rejected during the administrative process and remand for an immediate award of benefits when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no

outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence. *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004); *Massanari*, 298 F.3d at 1076-77.

Although *Benecke* indicated that the "credit as true" doctrine is mandatory in nature, other Ninth Circuit decisions reveal that the decision to award benefits remains discretionary. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *Nguyen v. Chater*, 100 F.3d 1462, 1466-67 (9th Cir. 1996); *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995)). *Connette* noted inconsistent lines of Ninth Circuit decisions; one that apparently found the doctrine mandatory and one discretionary. *Id.* The court determined, however, that the only consistent way to read the decisions was to conclude that, mandatory language notwithstanding, the court retains discretion to remand for further determinations. *Id.*

The ALJ rejected the opinion of Dr. Summe, plaintiff's treating physician. AR 19. Dr. Summe opined, *inter alia*, that plaintiff had back pain, spasms, and restricted ability to bend. *See* AR 225-30, 267-68. He also consistently reported over a period of several years that plaintiff's impairments rendered him incapable of performing full time work. AR 200, 208, 258, 260, 456. Indeed, Dr. Summe's most recent opinion indicates that plaintiff was incapable of performing even sedentary work on more than just a part time basis. AR at 456.

The ALJ's rejection of Dr. Summe's testimony, however, was based on the fact that he believed that Dr. Summe had acted solely as plaintiff's "advocate" for benefits. AR 19. In his attempt to discredit Dr. Summe, the ALJ stated that Dr. Summe had not referred plaintiff to pain management programs, vocational rehabilitation, or surgery for his impairments. AR 19. The ALJ was simply wrong. AR 200, 203, 226, 229-30, 266. Moreover, even if the ALJ had not misread the record, simply stating that the doctor was acting as an "advocate" is an insufficient basis to disregard evidence from a treating physician. *See Nguyen*, 100 F.3d at

01 1464. Dr. Summe's opinions were improperly disregarded in the ALJ's disability

02 determination.

03 Under the three prong *Benecke* test, this Court may credit Dr. Summe's testimony as

04 true and award benefits. Both sides agree that the ALJ's rejection of Dr. Summe's testimony

05 was legal error. Moreover, if Dr. Summe's testimony as to plaintiff's capacity to work only

06 part time is accepted, there are no material questions to be resolved upon remand because

07 plaintiff would be considered disabled as a matter of law.[1] *See* SSR 96-8p, 1996 WL 374184,

08 at *2 (S.S.A.); *Rodriguez v. Bowen*, 876 F.2d 759, 763-64 (9th Cir. 1989). Because Dr.

09 Summe's opinions should be credited as true, plaintiff must be found disabled and benefits

10 awarded.

11 The parties also agree that the ALJ erred by accepting certain testimony from the

12 vocational expert ("VE"). The VE testified as to the availability of certain jobs within the

13 "light, unskilled" work category, but erred by including jobs that exceeded the plaintiff's

14 exertional capabilities. AR 20-21, 70-73. Additionally, the VE's testimony is muddied by

15 statements he made that tended to show he confused plaintiff's stooping limitations with

16 reaching limitations, which casts further doubt on the reliability of his testimony regarding the

17 availability of certain jobs plaintiff could perform. AR 76-77.

18 This determination is moot if Dr. Summe's testimony as to plaintiff's ability to work

19 only part-time is credited as true. If this Report and Recommendation is not adopted by the

20 Court, then on any remand for further proceedings, the ALJ should be required to take new VE

21 testimony. The new VE testimony should accurately address all of plaintiff's limitations and

22 precisely identify the individual job types plaintiff could perform.

23

24 ─────────────────────

25 [1]SSR 96-8p states that a person's residual functional capacity is his ability to "do sustained work activities in an ordinary work setting on a regular and continuing basis[.]" In this
26 context, "a regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *2 (S.S.A.).

REPORT AND RECOMMENDATION
PAGE -6

## VI. CONCLUSION

This case presents a scenario in which both parties agree the ALJ committed legal error, but disagree as to whether the Court should remand for further proceedings or for an award of benefits. The record is sufficient for the Court to determine that further proceedings would serve no useful purpose. Reversal of the final decision with instructions to remand for an award of benefits is appropriate because the ALJ provided no legally sufficient reason for disregarding Dr. Summe's opinions, and because Dr. Summe's opinions, if accepted, would require a clear finding of disability.

DATED this 1st day of July, 2005.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge